HOOD, Judge.
This is a concursus proceeding instituted by Tidewater Oil Company (now Getty Oil Company) against: Burice C. Bihm; Nath-alie Haas Hirsch, individually and as Trustee of the Emily H. Hart Trust; and Donald J. deBlanc, Trustee of the Johnice H. W. deBlanc Trust. The last two named defendants are the heirs or assignees of Dr. J. A. Haas, deceased, and they are referred to collectively herein as the “Haas Estate.”
The Tidewater Oil Company is the operator of a unit created by order of the Louisiana Department of Conservation in the Opelousas Field, in St. Landry Parish. As the operator of wells in that unit, Tidewater is receiving production which is attributable to an oil, gas or mineral lease executed by defendant Bihm and to a similar lease which was executed by the Haas Estate. A 3.05 acre tract of land, located in the above mentioned unit, was included in the descriptions contained in each of those leases, and thus it constituted a part of the leased premises in each lease contract. A dispute arose between Bihm and the Haas Estate as to the ownership of this 3.05 acre tract of land. Bihm claims that he is the owner of that tract, and that he thus is entitled to the royalties which have become due and payable out of production from that land. The Haas Estate, on the other hand, claims that it is the owner of the disputed tract, and that it is entitled to the royalties attributable to it.
In view of this dispute, plaintiff instituted this concursus proceeding to ascertain the ownership of the royalties which it has received from this 3.05 acre tract of land, and it has deposited the accrued royalties from that tract in the registry of the court.
Bihm filed an answer alleging that he is the owner of the land in dispute here and of the royalties which are due out of the production from that land. He contends primarily that he is the owner of that property by record title, and alternatively that he acquired the ownership of it by acquisitive prescription of ten and thirty years. The Haas Estate also answered, alleging that they are owners by record title of the tract in dispute and of the royalties *509 which are payable out of production from that land.
Judgment was rendered by the trial court in favor of the Haas Estate, decreeing that defendant (or group of defendants) to be the owner of the 3.05 acre tract, and directing the Clerk of Court to pay to the Haas Estate the sums deposited in concursus by plaintiff. Defendant Bihm has appealed.
The property which is in dispute here is situated in St. Landry Parish, and is described as follows:
“A tract of land containing 3.05 acres, located in Sections 10 and 11, Township 6 South, Range 5 East, St. Landry Parish, bounded, now or formerly, on the Northeast by Burice C. Bihm, on the Southeast by Joseph D. Richard or Nath-alie Haas Hirsch, et al., on the southwest by Bayou Marie Croquant, and on the Northwest by Angela Darby Maxey, et al.”
Bayou Marie Croquant runs in a northwest-southeasterly direction at the place where it borders on the above described property, and a gravel road runs parallel to and along the north, or northeast, side of that bayou. The property which is at issue here is located between the bayou and the above mentioned gravel road.
All parties to this suit acknowledge that defendant Bihm owns several acres of land located immediately northeast of and bordering on this gravel road. The issue presented here, however, is whether Bihm also owns the above described 3.05 acre tract, which is located southwest of the gravel road, between that road and the bayou. We will consider first the question of whether Bihm has fee title to that tract.
On September 9, 1918, Dr. J. A. Haas purchased from Louis Hebert three tracts of land, comprising a total of more than 160 arpents, in St. Landry Parish. All parties concede that the property acquired by Dr. Haas at that time included the 3.05 acre tract of land which is in dispute here. Each of these three tracts is described in that deed as being bounded on the southwest by Bayou Marie Croquant.
The heirs of Dr. Haas sold 80.89 arpents of the above mentioned property to Joseph W. Arnaud by deed dated October 15, 1924. The property conveyed by that deed was described generally as being “on Bayou Marie Croquant,” but it also was described more specifically by boundaries, and one of the boundaries was given as “on Southwest by public road on the banks of Bayou Marie Croquant, and said land having a front on said public road of 982 feet. * * *” About ten years later, on February 12, 1934, Joseph W. Arnaud re-conveyed or resold the same 80.89 arpent tract of land to the Haas Estate.
On July 20, 1936, the Haas Estate sold to Joseph W. Arnaud a 35 acre tract of land, which is described in the deed as follows:
“A certain tract or parcel of land, together with all the buildings and improvements thereon, situated in the Parish of St. Landry, La., on Bayou Marie Croquant, containing Thirty-five (35) acres, and being bounded as follows, to wit: On the Northwest by property of Leopold Valin, on the northeast by other property of the vendors herein, on the southeast by property of J. R. Johnson and on the southwest by public road on the banks of Bayou Marie Croquant. The northeast boundary line of the property herein sold is a line parallel to the southwest boundary line or said public road and at such a distance from, said southwestern boundary line or public road as to embrace an area of thirty-five (35) acres of land within the boundaries, above set forth.” (Emphasis added.)
Defendant Bihm purchased this entire 35 acre tract of land from Joseph W. Arnaud. The purchase, however, was accomplished in two separate transactions, one occurring in 1943 and the other in 1946. Bihm acquired ten acres of the above described 35 acre tract from Joseph W. Arnaud by deed *510 dated November 4, 1943, and he acquired the remaining 25 acres of that original 35 acre tract from Arnaud by deed dated January 15, 1946. The property conveyed by the 1943 deed was described in that instrument as follows:
“A certain tract of land, together with all the buildings and improvements thereon, situated in Section Ten (10), Township Six (6) South, Range Five (5) East, St. Landry Parish, La., containing ten (10) acres, more or less, and being one (1) acre wide by a depth extending back the full depth of the property of J. W. Arnaud from which this tract is sold, and bounded as follows: north and northwest by the line separating this property from that of Ambroise Valin, which line is in the center of the private lane between said properties, south and southeast by other property of Joseph W. Arnaud, from which the tract now being described is sold, east and northeast by the property owned jointly by Mrs. Jeanette Roos Haas and Mrs. Nathalie Haas Hirsch, West and southwest by the public road running along Bayou Barie [Pic] Croquant * * *” (Emphasis added.)
The 1946 deed from Arnaud to Bihm stipulated that the property conveyed was all of the property which Arnaud had acquired from the Haas heirs, less the ten acres which Arnaud had previously sold to Bihm. As in the 1943 deed, the property conveyed also was described by boundaries, and one of the boundaries given was “west and southwest by the public road running along Bayou Marie Croquant, also known as Little Bayou Teche.” (Emphasis added.) Also included in the 1946 deed, however, was the following significant provision :
“There are included in this sale a stack of about one hundred catalpa fence posts now located on the above described property, and also a combination barbed wire and net wire hog-pasture fence in front of the above described property and enclosing a strip of land between the public road and the aforesaid bayou * * (Emphasis added.)
In 1952 a dispute arose between Bihm and the Haas Estate as to the location of the northeast boundary of the Bihm 35 acre tract of land. Bihm thereupon employed F. S. Robert, a Civil Engineer, to make a survey of the property, and that was done. The parties thereafter settled their dispute by entering into a boundary agreement on August 21, 1952, and they attached to that agreement a plat of the survey which was made by Robert. Although that agreement was entered into to establish the northeast boundary of Bihm’s land, the parties noted in that agreement that the land owned by Bihm was bounded “on the southwest by public road along the bank of Bayou Marje Croquant.” Also, the plat prepared by Civil Engineer Robert, at Bihm’s request, shows the gravel road which runs parallel to the bayou, and it indicates clearly that Bihm’s 35 acre tract of land is bounded on the southwest by that gravel road, and not by the bayou.
Bihm contends that the 35 acre tract of land which Joseph W. Arnaud acquired for the Haas heirs by deed dated July 20, 1936, was bounded on the southwest by the bayou rather than by the gravel road. He bases that argument on the fact that the deed recites that the property conveyed is located “on Bayou Marie Croquant.” (Emphasis added.) He concedes that neither of the two deeds which he received from Arnaud recites that the property conveyed was on the bayou, but he correctly points out that the most recent of the two deeds specifically shows that Bihm acquired from Arnaud all of the property which the latter had previously purchased from the Haas heirs in 1936. He argues, therefore, that since the property previously purchased by Arnaud extended to the bayou, and since Bihm acquired all of the land which was owned by Arnaud, then the tract which Bihm acquired from Arnaud also extended to the banks of the bayou.
*511 We are unable to agree with defendant Bihm that the 35 acre tract of land which Joseph W. Arnaud acquired from the Haas heirs in 1936 was bounded on the southwest by Bayou Marie Croquant.
The entire description in a deed should be considered in determining the identity, location or boundaries of the land conveyed. Clauses in a deed should be regarded as having been inserted for a purpose, and wherever possible they should be given a meaning that will aid the description. If two recitals in a description are inconsistent, the first does not necessarily prevail over the latter, but the whole language of the deed is to be construed together in order that the true construction and intent of the parties may be ascertained. Smith v. Chappell, 177 La. 311, 148 So. 242 (1933); City of New Orleans v. Joseph Rathborne Land Co., 209 La. 93, 24 So.2d 275 (1945); Union Bank v. Roy, 248 La. 801, 182 So.2d 319 (1966).
Defendant Bihm points out correctly that the 1936 deed from the Haas heirs to Ar-naud sets out initially that the property therein conveyed is situated “on Bayou Marie Croquant.” Immediately following that call, however, the deed proceeds to set out the specific boundaries of the 35 acre tract, and that portion of the description provides clearly that the property therein conveyed is bounded on the southwest by the public road which runs along and parallel to the bayou, rather than the bayou itself. In three separate places in that deed there is a specific provision to the effect that the southwest boundary of the property therein sold is the public road. We are convinced that the first call in the 1936 deed to the effect that the property was “on Bayou Marie Croquant” was intended merely to give the general location of the property, and that that general call must yield to the more specific calls appearing later in the description that the southwest boundary of the property conveyed is the public road which runs along the bayou.
Our conclusion is that the property conveyed by the Haas heirs to Arnaud in 1936 was bounded on the southwest by the public road, and not by Bayou Marie Cro-quant. Bihm later acquired from Arnaud the same property which the latter had purchased from the Haas heirs, so it necessarily follows that Bihm did not acquire record title to the strip of land which was located southwest of the public road, between that road and the bayou.
We are aware of the provisions of LSA-C.C. art. 2474, which state that any obscure or ambiguous clauses in a deed are to be construed against the seller. See also Union Bank v. Roy, supra. We, however, do not consider the clauses in the deed involved here to be obscure or ambiguous. The intent of the parties appears to us to be clear, when all of the language used in the description is considered.
Defendant Bihm contends alternatively, however, that at the time Arnaud acquired the 35 acre tract from the Haas heirs the public road was located closer to the bayou, and that later the road was moved to its present location. He takes the position that the tract which Arnaud acquired in 1936 was bounded on the southwest by the old public road, rather than by the existing one, and that he, as Arnaud’s vendee, is entitled to be recognized as owner of the property which is bounded on the southwest by the old public road.
The evidence shows that an old public road did traverse the property in dispute here at one time. This old road ran parallel to the bayou, and nearer to the bayou than the existing road. Only about one acre of land lies between the location of that old road and the bank of the bayou. The evidence indicates, however, that the public road was in its present location at the time Arnaud acquired the property in 1936, and that there thus is no merit to this alternate claim by defendant Bihm.
Bihm testified that he graded the old road in 1922, and that he thinks the road *512 was moved to its present location in 1935 or 1936, although he is not certain of that. One of Bihm’s neighbors recalled that the new road was built in 1936, and was used in 1937. This evidence, at best, raises only a question as to whether the 1936 deed referred to the old or the new road. The other evidence produced at the trial, however, shows that the deeds which are pertinent to this case referred to the road in its present location, rather than to the old road which was located nearer the bayou.
The, first deed from the Haas heirs to Arnaud, in 1924, for instance, shows that the property had a frontage of 982 feet on the public road. The survey made by F. S. Robert, Civil Engineer, on July 19, 1952, shows that the property still has that same frontage on the existing road. The 35 acre tract is irregular in shape, and the east and west (or the southeast and northwest) lines are not parallel. The same property, therefore, could not have the same frontage on the old road as it does on the new one. It is apparent, therefore, that the existing gravel road was in its present location before Arnaud acquired the 35 acre tract in 1936, and that there is no merit to this alternate claim of defendant Bihm.
Bihm contends, finally, that he has acquired the ownership of the 3.05 acre tract in dispute here by acquisitive prescription of ten and twenty years.
We have concluded that the 1936 deed from the Haas heirs to Arnaud, and the 1943 and 1946 deeds from Arnaud to Bihm, did not transfer title to the 3.05 acre tract which is in dispute here. None of those deeds was sufficient to transfer the property at issue here to the purchasers, and thus none of those deeds is sufficient to support a claim of ownership by prescription of ten years, acquirendi causa. See LSA-C.C. arts. 3478 et seq.
Defendant Bihm’s plea of prescription of 30 years is not supported by the evidence. The evidence shows that Ar-naud maintained possession of the 3.05 acre tract from 1936 until the time he sold the property across the gravel road from it to Bihm in 1943 and 1946. The evidence also indicates, we think, that Bihm has possessed most of the 3.05 acre tract in dispute here since he bought the 35 acres from Arnaud. Bihm’s possession, however, has not been undisturbed and it has not been as owner.
In 1957 a representative of the Haas Estate demanded that Bihm pay rental to that estate for the use of the 3.05 acre tract of land, and Bihm consented to do so. Bihm thereupon executed a promissory note for $5.00 on March 19, 1957, payable to the Estate of J. A. Haas, representing the payment of that rental, and that note was paid in April, 1958. The note contains the following significant language :
“This Note is given for rent of a certain tract or parcel of land situated on Bayou Marie Croquant (Little Teche), said tract comprising 834 feet front, directly across gravel road from my property and being bounded Northwest by Lessor, Northeast by gravel road, Southeast by other property of Lessor and Southwest by Bayou Marie Croquant. This lease can be terminated on 30 days notice by either party.”
The execution of that note in 1957, and the payment of rental for the use of the 3.-05 acre tract in dispute here, constituted an acknowledgment by Bihm that he was possessing that property as a tenant, rather than as owner, and thus it constituted an interruption of any acquisitive prescription which may have run on that property up to that time.
Bihm was fully aware of the fact that by signing the note he was acknowledging that the Haas Estate owned the land. His explanation for signing the note and paying the rental was that he was in no shape to get into a law suit, and thus he did not protest the claim of the Haas Estate. We think the acknowledgment of ownership *513 and payment of rent by Bihm at that time interrupted the running of acquisitive prescription in spite of Bihm’s reasons for doing so. We thus find no merit to this defendant’s pleas of prescription.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant Burice C. Bihm.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.